UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **RAYMOND NELSON MEJIA,** on behalf of himself and others similarly situated**,**<br><br>                     Plaintiff,<br><br>v.<br><br>**COAST TO COAST AUTO GLASS, LLC**,<br><br>                     Defendant. | **FIRST AMENDED COMPLAINT**<br><br>Case No. 2:10-cv-05061-SJF-ETB |

COMES NOW the Plaintiff, pursuant to Fed. R. Civ. Proc. 15(a), and, before a responsive pleading has been filed, and amends his Complaint as a matter of course.  This Complaint shall supersede and replace the previous Complaint filed in this action.

## INTRODUCTION

1. Plaintiff Raymond Nelson Mejia worked as an installer and technician for Defendant's vehicle windshield and glass repair and replacement company.  Despite the fact that Plaintiff regularly worked more than 40 hours per week in a nonexempt position, Defendant refused to pay him time and a half for overtime, often paying him on a "piece rate" basis with no additional premiums for overtime work performed.  Upon information and belief, this pay practice applied to all individuals in positions similar to Plaintiff's.  Plaintiff, by and through his attorneys, on behalf of himself and others similarly situated, has brought a Complaint against Defendant Coast to Coast Auto Glass, LLC to challenge these and other wage violations.

2. More specifically, Plaintiff has brought this action, on behalf of himself and others similarly situated, to recover unpaid wages, overtime and other damages under the



11 Park Place
Suite 1100
New York, NY  10007
646.502.7751
www.goldbergdohan.com

provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*, (hereinafter "FLSA").

3. Plaintiff has also brought this action, on behalf of himself and others similarly situated, to recover unpaid wages, overtime and other damages under the provisions of the New York Minimum Wage Act, N.Y. Lab. Law, Art. 19, §§ 650 *et seq.* (hereinafter, "NYLL")

4. Plaintiff has also brought correlative unjust enrichment and breach of contract claims associated with the same events giving rise to the wage claims.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

7. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendant's vehicle windshield and glass repair and replacement company located at 17 Brandywine Dr, Deer Park, NY 11729 and the Defendant resides in this district.

## PARTIES

**Defendant Coast to Coast Auto Glass, LLC**

8. Defendant **Coast to Coast Auto Glass, LLC** (hereinafter "Coast to Coast Auto Glass") is a foreign corporation doing business within the County of Suffolk, and whose principal place of business is located at 17 Brandywine Dr, Deer Park, NY 11729, in Suffolk



11 Park Place
Suite 1100
New York, NY 10007
646.502.7751
www.goldbergdohan.com

*Mejia v. Coast To Coast Auto Glass*
USDC, Eastern District of New York

First Amended Complaint
Page 2

County.  Its registered agent is listed with the NYS Department of State as Corporation Service Company with an address of 80 State Street, Albany, New York  12207.

9. At all times material to this action, Defendant Coast to Coast Auto Glass was subject to the FLSA and was an "employer" of the Plaintiff, and others similarly situated, as defined by § 203(b) of the FLSA.

10. At all relevant times, Defendant Coast to Coast Auto Glass was an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

11. At all relevant times, Defendant Coast to Coast Auto Glass had annual gross revenues in excess of $500,000.

**Plaintiff Raymond Nelson Mejia**

12. Plaintiff Raymond Nelson Mejia is a resident of Brooklyn, New York, living in Kings County.

13. At all times material to this action, Plaintiff Mejia was an "employee" within the meaning of 29 U.S.C. § 203(e).

14. Plaintiff Mejia worked for Coast to Coast Auto Glass as a windshield installer and technician from September 30, 2009 to approximately late March 2010.

15. While in this position, Plaintiff Mejia was paid a certain rate per installation. Prior to January 27, 2010, he was paid $35 per installation. Effective January 27, 2010, he began to be paid $40 per installation.

16. Plaintiff Mejia generally worked varying shifts. His day generally started at 7am and he would finish any time between 4pm-7pm. His hours varied from day to day depending on the installation schedules.



11 Park Place
Suite 1100
New York, NY  10007
646.502.7751
www.goldbergdohan.com

17. Mejia generally worked approximately 50 hours per week.

18. Plaintiff Mejia was not paid at a rate of one and one half times his normal hourly rate for all hours over 40 worked in a workweek.

19. Plaintiff Mejia worked more than 10 hours on at least some workdays

20. For the days Plaintiff Mejia worked more than 10 hours Defendant did not pay him an additional one-hour's pay at the applicable minimum wage rate.

**FLSA Collective Plaintiffs**

21. The Named Plaintiff brings the First Claim for Relief as a Collective Action pursuant to 29 U.S.C. § 216(b), on behalf of all non-exempt individuals employed by Defendant on or after the date three years before the filing of the instant Complaint (the "FLSA Collective Plaintiffs").

22. The FLSA Collective Plaintiffs are similarly situated, in that they have had substantially similar job duties, have been subject to a common pay practices and decisions on the part of the Defendant. The FLSA claims of the Named Plaintiff alleged herein are essentially the same as those of the other FLSA Collective Plaintiff.

23. The identities of the individuals comprising the FLSA Collective are, or should be, readily ascertainable from Defendant's records. Notice can be provided to the FLSA Collective Plaintiff via first class mail and via posting in the two restaurant locations at issue, preferably in at least English and Spanish due to the constituency of the Collective.

**Rule 23 Class**

24. The Named Plaintiff bring the Second Claim for Relief as a Class Action pursuant to Fed. R. Civ. Proc. 23, on behalf of all non-exempt individuals employed by Defendant on or after the date six years before the filing of the instant Complaint (the "NYLL Class

11 Park Place
Suite 1100
New York, NY 10007
646.502.7751
www.goldbergdohan.com

*Mejia v. Coast To Coast Auto Glass*
USDC, Eastern District of New York

First Amended Complaint
Page 4

Plaintiffs").

25. The number of, and identities of, the individuals comprising the NYLL Class are, or should be, readily ascertainable from Defendant's records. Notice can be provided to the NYLL Class Plaintiffs via means permissible under FRCP 23, correlative caselaw, and appropriate judicial guidance.

26. The precise number of persons is unknown, as such information is in the custody and control of the Defendant. However, upon information and belief, there are easily more than fifty (50) individuals in the proposed NYLL Class.

27. The proposed Class is so numerous that joinder of all members is impracticable. Further, the disposition of their claims as a class will benefit the parties and the Court.

28. The Named Plaintiff's claims are typical of those claims which could be alleged by any member of the class. Further, the relief sought by the Named Plaintiff is typical of the relief which could be sought by any member of the proposed NYLL Class. The Class members were all subject to the same practices, decisions, policies, plans, and customs of Defendant as alleged herein. There was nothing special about the Named Plaintiff that caused him to be treated differently than other Class members in regards to the pay methods to which he was subjected. Defendant benefitted from the unlawful withholding of wages due to members of the proposed Class and the Named Plaintiff in the same way. Though the exact amounts may differ, Plaintiff and other Class members incurred similar losses, injuries, and damages arising from Defendant's pay practices.

29. Plaintiff himself is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

30. Further, Plaintiff is represented by attorneys who are experienced and competent in


11 Park Place
Suite 1100
New York, NY 10007
646.502.7751
www.goldbergdohan.com

*Mejia v. Coast To Coast Auto Glass*
USDC, Eastern District of New York

First Amended Complaint
Page 5

class/collective action litigation, employment litigation, and wage and hour employment litigation in particular.

31. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  In wage and hour litigation involving low wage workers in particular, the individual Class members more often than not lack the financial, language, time, and other resources to vigorously prosecute a lawsuit against a Defendant having a superior bargaining position.  A class action will allow those similarly situated to prosecute their common claims together and minimize the need for duplicative efforts expended on their behalf. Though important and significant to Class members individually, the damages suffered by each of the individual Class members are relatively small relative to the costs associated with litigation; pooling them together therefore serves the end of efficiency.

32. In addition, important public interests will be served by treating this claim as a class action.  Otherwise, there is a risk that some workers would be compensated according to the law and others not, resulting in a net benefit to Defendant for those who were improperly paid but for whom no damages are assessed.

33. Further, especially given the current state of alternative job availability, many current and even former employees understandably fear untoward repercussions for asserting claims on their own.  They therefore sometimes tolerate illegal treatment as an alternative preferable to having no job at all when in fact the NYLL requires proper and legal wage payments regardless of what some individuals may acquiesce to when faced with desperation and vastly unequal bargaining power positions.  Class actions allow these unnamed workers to rest in their anonymity while seeing their rights vindicated.

34. There are questions of law and fact common to the Class which predominate over



11 Park Place
Suite 1100
New York, NY  10007
646.502.7751
www.goldbergdohan.com

*Mejia v. Coast To Coast Auto Glass*
USDC, Eastern District of New York

First Amended Complaint
Page 6

questions affecting class members individually. Some of these questions may include the following:

    a. Whether the Defendant was an "employer" of the class members

    b. Whether Defendant properly compensated Plaintiff and Class members for their hours over 40 worked in the workweek;

    c. Whether Defendant properly compensated Plaintiff and Class members for their hours over 10 worked in the workday;

    d. Whether Defendant unlawfully failed to provide break time as required by the NYLL;

    e. What Defendant's pay policies, practices, directives, instruction, programs, and procedures were for all relevant times;

    f. Whether Defendant's conduct was willful;

    g. Whether Defendant maintained true and accurate time and payroll records; and

    h. What formulae are appropriate for calculating damages.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

35. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

***Failure To Pay Time Overtime Properly***

36. Defendant failed to compensate Plaintiff and those similarly situated at a rate of one and one half times his normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.



11 Park Place
Suite 1100
New York, NY  10007
646.502.7751
www.goldbergdohan.com

*Mejia v. Coast To Coast Auto Glass*
USDC, Eastern District of New York

First Amended Complaint
Page 7

*Record-Keeping Failures*

37. At all relevant times, Defendant failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff and those similarly situated, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

*Willful & Not Based On Good Faith & Entitlement to Damages*

38. Defendant had no good faith basis for believing that its pay practices as alleged above were in compliance with the law.

39. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

40. As a result of the violations by Defendant of the FLSA, the Plaintiff and those similarly situated are entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

As And For A Second Cause of Action:<br>
NEW YORK LABOR LAW (NYLL) VIOLATIONS

41. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

42. At all relevant times, Plaintiff and those similarly situated were employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651.

*Failure To Pay Overtime*

43. Defendant failed to compensate Plaintiff and those similarly situated at a rate of one and one half times his normal hourly rate for hours over 40 in a workweek, in contravention of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.



11 Park Place
Suite 1100
New York, NY 10007
646.502.7751
www.goldbergdohan.com

*Mejia v. Coast To Coast Auto Glass*
USDC, Eastern District of New York

First Amended Complaint
Page 8

*Spread of Hours*

44. Plaintiff and others similarly situated worked more than 10 hours on at least some workdays, but Defendant failed to pay them an additional one-hour's pay at the applicable minimum wage rate, in contravention of. N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.7.

*Failure To Provide Break Time*

45. Plaintiff and those similarly situated were employed in or in connection with Defendant's "mercantile or other establishment." Plaintiff and those similarly situated worked a shift of more than six hours extending over the noon day meal timeframe (i.e. between 11:00am and 2:00pm). Defendant failed to provide Plaintiff and those similarly situated at least thirty minutes for the noon day meal, in contravention of NYLL § 162(2).

46. Sometimes Plaintiff and those similarly situated worked a shift starting before 11:00am and ending later than 7:00pm. Defendant failed to provide Plaintiff and those similarly situated an additional meal period of at least twenty minutes between 5:00pm and 7:00pm, in contravention of NYLL § 162(3).

47. The New York Commissioner of Labor issued no authority, pursuant to NYLL § 162(5) permitting Defendant to provide shorter meal periods for Plaintiff.

*Record-Keeping Failures*

48. At all relevant times, Defendant failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of NYLL § 661.

49. At all relevant times, Defendant Coast to Coast Auto Glass failed to establish, maintain and preserve for not less than three years payroll records showing the hours worked,


11 Park Place
Suite 1100
New York, NY  10007
646.502.7751
www.goldbergdohan.com

*Mejia v. Coast To Coast Auto Glass*
USDC, Eastern District of New York

First Amended Complaint
Page 9

gross wages, deductions and net wages for each employee, in contravention of NYLL § 195(4) and 12 N.Y. Comp. Codes R. & Regs. 142-2.6.

50. Defendant failed to keep a time book showing the names and addresses of its employees and the hours worked by each of them in each day, in contravention of NYLL § 161(4).

51. Defendant failed to notify Plaintiff in writing or by public posting its policy on sick leave, vacation, personal leave, holidays and hours, in contravention of NYLL § 195(5).

*Willfulness and Damages*

52. Defendant willfully violated the rights of Plaintiff and those similarly situated by failing to pay them at a rate of not less than one and one-half times their regular rates of pay for each hour worked in excess of forty hours in a workweek, in violation of 12 N.Y. Comp. Codes R. & Regs. 142-2.2

53. Due to Defendant's New York Labor Code violations, Plaintiff and those similarly situated are entitled to recover his unpaid wages, overtime, liquidated damages, reasonable attorneys' fees, and costs associated with bringing the action. NY Lab. Code § 663(1).

### As And For A Third Cause of Action:
### UNJUST ENRICHMENT

54. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

55. Defendant has been unjustly enriched by withholding monies that rightfully belong to Plaintiff.

56. Defendant is liable to Plaintiff in the amount of compensation unlawfully withheld from to him, along with liquidated damages, interest, litigation costs, attorney fees, and other



11 Park Place
Suite 1100
New York, NY 10007
646.502.7751
www.goldbergdohan.com

*Mejia v. Coast To Coast Auto Glass*
USDC, Eastern District of New York

First Amended Complaint
Page 10

damages.

### As And For A Fourth Cause of Action:
### BREACH OF CONTRACT

57. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

58. Plaintiff and Defendant had an implied employment contract insofar as the employment relationship is inherently contractual in nature.

59. Plaintiff agreed to perform certain functions for Defendant, in exchange for certain compensation.

60. Specifically, Defendant agreed to pay Plaintiff a certain rate of pay for all hours worked, and time and a half that rate of pay for hours over 40 worked in a workweek.

61. By failing to pay Plaintiff for all time worked and/or at his proper overtime rate, Defendant breached its contract of employment with Plaintiff.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A)   Certify Count I as a Collective Action pursuant to 29 U.S.C. § 216(b);

(B)   Certify Count II as a Class Action pursuant to Fed. R. Civ. Proc. 23;

(C)   Award Plaintiff and others similarly situated unpaid wages and unpaid overtime wages due under the FLSA and the New York Labor Law;

(D)   Award Plaintiff and others similarly situated liquidated damages in the amount of his unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

(E)   Award Plaintiff and others similarly situated liquidated damages pursuant to NYLL § 663;



11 Park Place
Suite 1100
New York, NY 10007
646.502.7751
www.goldbergdohan.com

*Mejia v. Coast To Coast Auto Glass*
USDC, Eastern District of New York

First Amended Complaint
Page 11

11 Park Place
Suite 1100
New York, NY  10007
646.502.7751
www.goldbergdohan.com



(F) Award Plaintiff and others similarly situated "spread of hours" pay in the amount of one times the then-applicable minimum wage rate for each day Plaintiff worked 10 or more hours in a workday pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.7.

(G) Award Plaintiff and others similarly situated appropriate interest;

(H) Award Plaintiff and others similarly situated the costs of this action together with reasonable attorneys' fees; and

(I) Award such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this 19th day of **January, 2011.**

GOLDBERG & DOHAN, LLP

_____

**Penn U. Dodson (PD 2244)**
*pdodson@goldbergdohan.com*
Attorney for Plaintiffs

Through 1/31/11:
11 Park Place, Suite 1100
New York, NY  10007
Effective 2/1/11:
275 Maidson Ave., Ste. 705
New York NY 10016
(646) 502-7751 direct
(800)719-1617 main
(212) 406-4779 fax